UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCO GONZALEZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CIVIL ACTION NO. 5:23-cv-1138 |
| J&J PRESSURE MANAGEMENT USA, LTD, | § § § § | |
| DEFENDANT | § | |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Marco Gonzalez ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs"), brings this Fair Labor Standards Act ("FLSA") suit against J&J Pressure Management USA, LTD under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant J&J Pressure Management USA, LTD ("J&J" or "Defendant") has violated the FLSA by improperly reducing or "shaving" the overtime hours of its hourly employees in an attempt to cut costs and avoid compliance with the overtime provisions of the FLSA.  Because other putative plaintiffs are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Named Plaintiff Marco Gonzalez is an individual residing in Texas.  His notice of consent is attached hereto as Exhibit A.  At all relevant times, Gonzalez was an "employee" of Defendant as defined by the FLSA.

4. At all relevant times, Defendant was Gonzalez' "employer" as defined by the FLSA.

5. Plaintiffs are Defendant's current and former hourly employees whose overtime hours were stolen by Defendants.

6. Defendant J&J Pressure Management USA, LTD is a foreign company formed and existing under the laws of the State of Nevada.

7. Defendant was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

8. Defendant may be served by serving its registered agent for service of process, Paracorp Incorporated, at 14001 W. Hwy 29 Suite 102, Liberty Hill, Texas 78642.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law.  Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  Therefore, this Court has subject

matter jurisdiction under 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

10. The Court has personal jurisdiction over Defendant because Defendant conducts business in Texas, has entered into relationships with Plaintiff in Texas and has committed actions in Texas that give rise to this cause of action.

11. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because Defendant is located in and does business in this Division. Inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this District and Division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

12. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

13. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as wire wheel grinders, pressure pumps and compressors that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

17. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

18. Defendant provides inspection and re-certification services for its clients operating in the oilfield.

19. Defendant employs hourly, non-exempt employees to provide its inspection and recertification services to companies operating in the oilfields of Texas, North Dakota, Pennsylvania and Oklahoma.

20. Named Plaintiff was an hourly, non-exempt employee working out of Defendant's Charlotte, Texas location from February 6, 2023 through August 15, 2023.  Throughout his employment with Defendant, Named Plaintiff consistently worked more than forty hours per workweek, and averaged approximately 45 hours per week.

21. During his employment with Defendant, Defendant shaved Plaintiff's overtime hours on numerous occasions in order to bring his total hours down to 40 hours or as close to 40 hours as possible.

22. Once he became aware that his time was being shaved, Named Plaintiff confronted the Operations Manager for South Texas, Ryan Bourne, and asked Mr. Bourne why his overtime hours were being

stolen from him. Mr. Bourne responded that he had been instructed to shave overtime hours by the owners of the company as part of an effort to reduce costs, and that this practice was not just directed at Named Plaintiff, but was happening to all of Defendant's hourly employees.

23. Defendant has employed and is employing other individuals as hourly, non-exempt employees who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties, and have consistently had their overtime hours stolen by Defendant.

24. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay Named Plaintiff and the Class Members for all overtime hours worked.

## VI. COLLECTIVE ACTION ALLEGATIONS

25. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that their hours worked over forty per workweek were manually and artificially reduced by Defendant in an attempt to avoid compliance with the FLSA. Named Plaintiff and the Class Members are owed one and one-half their regular hourly rate for all hours worked over forty in a week that were stolen by Defendant without regard to their individualized circumstances.

26. Defendant has a policy or practice of not paying its hourly employees for all overtime hours worked. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of all overtime compensation owed to Named

Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former hourly, non-exempt employees of Defendant in Texas, Oklahoma, North Dakota and/or Pennsylvania whose overtime hours were improperly reduced by Defendant, and, as a result, who were not paid for all overtime hours worked.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs in accordance with applicable law.

28. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

Named Plaintiff and those similarly situated pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the

suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

      b.      For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

      c.      For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

      d.      For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

      e.      For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

      f.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

WELMAKER LAW, PLLC

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**