UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCO GONZALEZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § § | |
| v. | § § | CA NO. 5:23-cv-1138-FB |
| J & J PRESSURE MANAGEMENT USA, LTD, | § § § § | |
| DEFENDANT | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Marco Gonzalez ("Gonzalez") on behalf of himself and all others similarly situated ("Similarly Situated Workers") (Gonzalez and Similarly Situated Workers are collectively referred to as "Plaintiffs"), brings this Fair Labor Standards Act ("FLSA") suit against J & J Pressure Management USA, LTD ("J & J") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. This suit was brought because Defendant J & J was stealing overtime hours from its employees by reducing hours worked over forty per workweek. These reductions were made at the direction of owner(s) of the Defendant. In addition to stealing overtime hours from its employees, J & J is now retaliating against Plaintiff Gonzalez for exposing its pay practices.

2. J & J broke the law by improperly shaving the overtime hours of its hourly employees in an attempt to cut costs, in violation of the overtime provisions of the FLSA. Because other potential plaintiffs are similarly situated to Gonzalez with regard to the work performed and the Defendant's

compensation policies, Gonzalez brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Named Plaintiff Marco Gonzalez is an individual residing in Texas. His notice of consent was attached to the Original Complaint as Exhibit A. At all relevant times, Gonzalez was an "employee" of Defendant as defined by the FLSA.

4. At all relevant times, Defendant was the "employer" of Gonzalez as defined by the FLSA.

5. Plaintiffs are Defendant's current and former hourly employees whose overtime hours were stolen by Defendant through its time-shaving scheme.

6. Defendant J & J Pressure Management USA, LTD is a foreign company formed and existing under the laws of the State of Nevada.

7. Defendant was an employer of Gonzalez and those similarly situated as defined by 29 U.S.C. §203(d).

8. Defendant may be served by serving its registered agent for service of process, Paracorp Incorporated, at 14001 W. Hwy 29 Suite 102, Liberty Hill, Texas 78642.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter because Gonzalez asserts claims arising under federal law. Specifically, Gonzalez asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

10. The Court has personal jurisdiction over Defendant because Defendant conducts business in Texas, has entered into relationships with Gonzalez in Texas and has committed actions in Texas that give

rise to this cause of action.

11. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because Defendant is located in and does business in this Division. Inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this District and Division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

12. At all relevant times, Defendant has acted as an employer with respect to Gonzalez and the Similarly Situated Workers.

13. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. Gonzalez and Similarly Situated Workers handled and otherwise worked with equipment, such as wire wheel grinders, pressure pumps and compressors that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

17. At all times hereinafter mentioned, Gonzalez and Similarly Situated Workers were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

18. Defendant provides inspection and re-certification services for its clients operating in the oilfield.

19. Defendant employs hourly, non-exempt employees to provide its inspection and recertification services to companies operating in the oilfields of Texas, North Dakota, Pennsylvania and Oklahoma.

20. Gonzalez was an hourly, non-exempt employee working out of Defendant's Charlotte, Texas location from February 6, 2023 through August 15, 2023.  Throughout his employment with Defendant, Gonzalez consistently worked more than forty hours per workweek, and averaged approximately 45 hours per week.

21. During his employment with Defendant, Defendant shaved Gonzalez's overtime hours on numerous occasions in order to bring his total hours down to 40 hours or close to 40 hours.

22. These reductions were made by the Operations Manager for South Texas, Ryan Bourne, at the direction of the owner(s) of the Defendant.

23. Once he learned that his time was being shaved, Gonzalez confronted Mr.  Bourne and asked him why his overtime hours were being stolen from him.  Mr. Bourne responded that he had been instructed to shave overtime hours by the owners of the company as part of an effort to reduce costs, and that this practice was not just limited to Named Plaintiff, but was happening to all of Defendant's hourly employees.

24. After Mr. Gonzalez's separation of employment from Defendant, Mr. Bourne subsequently warned other hourly employees that if they spoke to Mr. Gonzalez or joined in the lawsuit with Mr. Gonzalez, their employment would be terminated.

25. Mr. Bourne also told other employees that he had an "insurance policy" against being fired, as he had copies of the emails instructing him to shave the hours of J & J's hourly employees.

26. Defendant has employed and is employing other individuals as hourly, non-exempt employees who have performed the same job duties under the same pay provisions as Gonzalez, in that they have performed, or are performing, the same job duties and have had their overtime hours stolen by Defendant.

27. Defendant is in possession and has control of all records of time and pay for Plaintiffs, including records showing edits and deductions from Plaintiffs' hours and emails to Mr. Bourne instructing him to make the deductions described above. **Gonzalez hereby gives notice of his intent to seek these documents in discovery and demands that all time and pay records, including the computerized data that would show edits to Plaintiffs' time, and all emails sent to Mr. Bourne by any other employee of Defendant or by Defendant's owner(s), be preserved for this litigation**.

28. Based on Defendant's specific instructions to Mr. Bourne and/or other employees to deduct time worked by Plaintiffs from their pay, Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay Gonzalez and Similarly Situated Workers for all overtime hours worked.

## VI. COLLECTIVE ACTION ALLEGATIONS

29. Gonzalez and Similarly Situated Workers have performed—and are performing—the same or similar job duties as one another.  Further, Gonzalez and Similarly Situated Workers were

subjected to the same pay provisions in that their hours worked over forty per workweek were manually and artificially reduced by Defendant in an attempt to avoid compliance with the FLSA. Gonzalez and Similarly Situated Workers are all owed pay for the hours that Defendant stole from them in the amount of one and one-half their regular hourly rate of pay for all hours worked over forty in each week that they worked.

30. Defendant has a policy or practice of not paying its hourly employees for all their overtime hours. This policy or practice is and has been, at all relevant times, applicable to Gonzalez and Similarly Situated Workers. Application of this policy or practice does not depend on the personal circumstances of Gonzalez or others joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of all overtime compensation owed to Gonzalez also applied to all Similarly Situated Workers, regardless of where they worked, as the instruction to shave time came from the owner of the Company. Accordingly, the "Similarly Situated Workers" are properly defined as:

> **All current and former hourly employees of Defendant in Texas, Oklahoma, North Dakota and/or Pennsylvania who were employed by Defendant within the three-year period prior to the filing of this lawsuit.**

## VII. CAUSES OF ACTION

### A. FAILURE TO PAY OVERTIME PAY

31. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without paying those employees for all of their hours over forty per week at rates of one-and-one-half times their regular rates or more.

32. None of the exemptions from payment of overtime pay provided by the FLSA are applicable to Gonzalez and Similarly Situated Workers.

33. Defendant did not steal the hours of Gonzalez and Similarly Situated Workers by accident. Rather, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice with respect to Gonzalez and Similarly Situated Workers. The limitations period applicable to Plaintiffs' claims in this lawsuit should thus be 3 years.

### B. UNLAWFUL RETALIATION UNDER THE FLSA

34. Gonzalez incorporates all allegations set forth in paragraphs 1 to 33.

35. Within days of being served, Defendant's counsel sent Plaintiff's counsel a letter threatening that if this suit was not dismissed immediately, sanctions would be sought against both Plaintiff and his counsel. More specifically, the letter's attached Rule 11 motion stated as follows:

> Counsel for Defendant contacted counsel for Plaintiff and requested information on the dates and times Plaintiff claims involved. Plaintiff's counsel's response was that he needed more time to calculate damages by reviewing the time entries, and that the allegations are based on what the Plaintiff communicates to him. Defendant is in possession of Plaintiff's pay records, and they show the exact amounts of overtime work completed by Defendant, and the corresponding pay to Plaintiff for those overtime hours. Further, Plaintiff's supervisor explicitly denies the independent conversation with Plaintiff regarding reducing time entries or that reductions occurred. Clearly, Plaintiff and his counsel have no evidentiary support for the claims asserted.

36. As Plaintiff's counsel communicated to Defense counsel via email,[1] in order to properly calculate Plaintiff's damages, Defendant would need to produce Plaintiff's time records *as well as* records

---

[1] More specifically, the email stated: "Conner, after speaking with my client, determining his damages will be something that I am going to have to do by reviewing the time entries *and reviewing the edits to the time entries*. Marco does not know precisely how much time was taken, just that his time was edited and reduced, and that his supervisor admitted to reducing not just his time entries, but the time entries of others, all at the direction of the owner." Email from Doug Welmaker to Conner Helms, dated November 6, 2023, attached hereto as Exhibit A (emphasis added).

showing all edits made to the time records, as the central focus of this case revolves around the fact that Defendant edited its employees' time records to remove hours worked over forty per workweek.

37. Defendant and its counsel are threatening Gonzalez for an improper purpose—to punish him for bringing this FLSA case.

38. Defendant is claiming it will seek sanctions against Gonzalez simply because he seeks to claim his labor rights under federal law.

39. Defendant's threats against Gonzalez for raising legal concerns about his rights under the law violate the anti-retaliation provisions of the FLSA.

40. The FLSA provides a cause of action for retaliation against an employer who discriminates in any way against an employee for exercising his legal rights under the FLSA. 29 U.S.C. §§ 215(a)(3), 216(b).

41. Defendant retaliated against Gonzalez for instituting legal action under the FLSA.

42. Defendant's threat to seek sanctions if this suit was not immediately dismissed was done with a retaliatory motive.

43. Defendant's Rule 11 threat would deter a reasonable person from engaging in activity protected by the FLSA.

44. Defendant knew or showed reckless disregard for whether its actions in retaliating against Gonzalez were in violation of the FLSA.

45. Defendant's retaliatory actions have caused Gonzalez to suffer damages, including emotional distress and additional attorneys' fees, costs, and expenses.

## VIII. PRAYER FOR RELIEF

Gonzalez and Similarly Situated Workers pray for an expedited order directing notice to issue pursuant to 29 U.S.C. § 216(b), and seek judgment, individually and on behalf of any and all Similarly Situated Workers, judgment against Defendant as follows:

a.  For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Gonzalez (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Gonzalez (and those who may join the suit);

b.  For an Order awarding Gonzalez (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c.  For an Order awarding Gonzalez (and those who may join in the suit) attorneys' fees;

d.  For an Order awarding Gonzalez (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e.  For an Order awarding Gonzalez declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*;

f.  For an Order awarding Plaintiff Gonzalez actual and liquidated damages equal in an amount to the damages found due to Defendant's retaliation and/or, in the alternative, punitive damages as a result of Defendant's retaliation, as well as any other remedies that may be appropriate to effectuate the purposes of the Act, and

g.  For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

        Respectfully submitted,

        WELMAKER LAW, PLLC


        <u>/s/  Douglas B. Welmaker</u>
        Douglas B. Welmaker
        Attorney-in-Charge
        State Bar No. 00788641
        Welmaker Law, PLLC
        409 N. Fredonia, Suite 118
        Longview, Texas 75601
        Phone: (512) 799-2048
        Email: doug@welmakerlaw.com

        **ATTORNEY FOR PLAINTIFF**