UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARCO GONZALES, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>v.<br><br>J&J PRESSURE MANAGEMENT USA, LTD.,<br><br>DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 5:23-cv-1138<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, J&J Pressure Management USA, LTD ("Defendant") files this Answer and Affirmative Defenses to Plaintiff Marco Gonzalez's First Amended Complaint.

1. Defendant denies the allegations set forth in paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendant denies the allegations set forth in paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendant is without sufficient information or knowledge to form a belief as whether the Plaintiff signed the notice of consent referenced to in paragraph 3 or Plaintiff's current residence. Defendant admits that Plaintiff was an employee of Defendant for a period of time.

4. Defendant admits the allegations set forth in paragraph 4 of the Plaintiff's First Amended Complaint.

5. Defendant denies the allegations set forth in paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendant admits the allegations set forth in paragraph 6 of Plaintiff's First Amended Complaint.

7. The allegations set forth in paragraph 7 of Plaintiff's First Amended Complaint consist of a legal conclusion which requires no response. To the extent a response is required, Defendant admits that Defendant was Plaintiff's employer as alleged. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 7.

8. Defendant admits the allegations set forth in paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendant admits the allegations set forth in paragraph 9 of Plaintiff's First Amended Complaint insofar as it states that this Court has subject matter jurisdiction over this matter. Defendant is without sufficient information or knowledge to form a belief as to whether this Court has personal jurisdiction over "all parties to this action" as set forth in paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendant admits that this Court has personal jurisdiction over Defendant as alleged in paragraph 10 of Plaintiff's First Amended Complaint. Defendant denies that it "has committed actions" that Plaintiff alleges violated the FLSA.

11. Defendant admits the allegations set forth in paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendant admits that Defendant was Plaintiff's employer as alleged in paragraph 12 of Plaintiff's First Amended Complaint. Defendant is without sufficient information to admit or deny whether Defendant acted as employer to any "Similarly Situated Workers."

13. Defendant admits the allegations set forth in paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendant admits the allegations set forth in paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant admits the allegations set forth in paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendant admits the allegations set forth in paragraph 16 of Plaintiff's First Amended Complaint insofar as they relate to Plaintiff Marco Gonzales. Defendant is without sufficient information or knowledge to form a belief as to the allegations set forth in paragraph 16 regarding "Similarly Situated Workers" and therefore denies the same.

17. Defendant admits the allegations set forth in paragraph 17 of Plaintiffs' First Amended Complaint insofar as they relate Plaintiff Marco Gonzalez. Defendant is without sufficient information or knowledge to form a belief as to the allegations set forth in paragraph 17 regarding "Similarly Situated Workers" and therefore denies the same.

18. Defendant admits the allegations set forth in paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant admits the allegations set forth in paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendant admits Plaintiff was an hourly, nonexempt employee at Defendant's Charlotte, Texas, location as alleged in paragraph 20 of Plaintiff's First Amended Complaint. Defendant is without sufficient information or knowledge to form a belief as to whether Plaintiff "consistently worked more than forty-hours per workweek, and averaged approximately 45 hours per week."

21. Defendant denies the allegations set forth in paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendant denies the set forth in paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendant admits that Defendant is in possession of Plaintiff's time and pay records but denies the remaining allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendant incorporates ¶¶ 1-33 herein by reference.

35. Defendant admits that Defendant's counsel sent counsel for Plaintiff a letter of Notice of Rule 11 Sanctions for filing a frivolous lawsuit after Plaintiff's counsel admitted that neither Plaintiff nor Plaintiff's counsel had any records to support Plaintiff's allegations and that Plaintiff did not know which dates were at issue for his claims. Defendant denies that the Rule 11 letter was "threatening" as the letter and motion are required by Rule 11. Defendant admits that a Rule 11 Motion was attached to the letter and part of the motion is quoted in paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendant admits that Plaintiff's counsel sent counsel for Defendant the email described in paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of Plaintiff's First Amended Complaint. Defendant will be seeking sanctions for Plaintiff violating Rule 11.

39. Defendant denies the allegations set forth in paragraph 39 of Plaintiff's First Amended Complaint.

40. Defendant admits the allegations set forth in paragraph 40 of Plaintiff's First Amended Complaint insofar as it correctly states the FLSA provides a cause of action for retaliation against an employer who discriminates in any way against an employee for exercising his

legal rights under the FLSA. Defendant denies that Defendant is in any way discriminating or retaliating against Plaintiff for the claims he has brought.

41. Defendant denies the allegations set forth in paragraph 41 of Plaintiff's First Amended Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendant denies the allegations set forth in paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendant denies that Defendant's actions are retaliatory as set forth in paragraph 45 of Plaintiff's First Amended Complaint. Defendant is without sufficient information as to admit or deny the remaining allegations set forth in paragraph 45.

## **AFFIRMATIVE DEFENSES**

46. Defendant incorporates ¶¶ 1-45 herein by reference.

47. Plaintiff's claims are frivolous.

48. Plaintiff's First Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

49. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

50. Plaintiff's First Amended Complaint fails to include all necessary/indispensable parties.

51. Defendant affirmatively alleges that the pay records of Plaintiff completely and accurately show that Plaintiff completed varying hours of overtime work and was paid for the same.

52. Defendant affirmatively alleges that Plaintiff and the Similarly Situated Workers failed to mitigate their damages upon discharge.

53. Defendant affirmatively alleges that Plaintiff added the Unlawful Retaliation Under the FLSA Claim to Plaintiff's First Amended Complaint in an attempt to add yet another frivolous and unwarranted claim.

54. Plaintiff's request for punitive damages is unconstitutional and/or in violation of Defendant's constitutional rights.

55. Plaintiff's prayer for declaratory relief is not supported by any factual allegations or evidence.

56. Plaintiff's prayer for injunctive relief is not supported by any factual allegations or evidence.

57. Plaintiff has failed to properly plead facts that would support Plaintiff being a representative for a class with similarly situated workers.

58. Plaintiff's claims are not proper claims to have as a class action and fail to pass the requirements to establish a class action.

59. Plaintiff's First Amended Complaint fails to allege sufficient facts for Plaintiff's counsel to act as class counsel.

60. Defendant reserves the right to add additional defenses as discovery progresses.

## PRAYER FOR RELIEF

For these reasons, Defendant respectfully asks the Court to dismiss Plaintiff's First Amended Complaint in its entirety, render judgment that Plaintiff take nothing by virtue of his First Amended Complaint, award reasonable and necessary attorneys fees, assess costs against Plaintiff, and award Defendant all other relief to which Defendant is entitled.

<table>
<tr><td>**JURY TRIAL DEMANDED**</td><td>

Respectfully Submitted,

**Helms Law Firm**

*/s/ Conner L. Helms*  
Conner L. Helms  
Texas Bar No. 09399930  
One N.E. Second Street, Suite 202  
Oklahoma City, OK 73104  
P: (405) 319-0700  
F: (405) 319-9292  
conner@helmslegal.com  
ATTORNEY FOR DEFENDANT  
J & J PRESSURE MANAGEMENT, USA, LTD.

</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically served via this Court's ECF filing system on November 30, 2023.

*/s/ Conner L. Helms*