## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARCO GONZALES, ON BEHALF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| **PLAINTIFF,** | § § | |
| v. | § § | **CIVIL ACTION NO. 5:23-cv-1138** |
| **J&J PRESSURE MANAGEMENT USA, LTD.,** | § § § | |
| **DEFENDANT.** | § § | |

## DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

Defendant, J&J Pressure Management ("Defendant") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 11(c), for an Order imposing sanctions against the Plaintiff, Marco Gonzalez, on behalf of himself and all others similarly situated ("Plaintiff"), and Plaintiff's counsel Douglas B. Welmaker of Welmaker Law, PLLC, and for any other and further relief as the Court deems just and proper. In support, Defendant submits Defendant's Memorandum of Law, which is incorporated herein.

## MEMORANDUM OF LAW

In accordance with Federal Rule of Civil Procedure 11(b), "By presenting to the Court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) The claims, defenses, and other legal contentions are warranted by existing law or by

a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) The factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The denials of factual contentions are warranted on the evidence, or, if specifically, so identified, are reasonably based on belief or a lack of information."

FRCP 11(b).

In the present case, Plaintiff Marco Gonzalez, by and through his attorney of record, Douglas Welmaker, has filed a Complaint against Defendant J&J Pressure Management alleging frivolous claims that are without evidentiary support. Plaintiff has alleged that Defendant has "stolen" his and other class members overtime pay consistently throughout their time of employment at J&J Pressure Management. *See* Plaintiff's Original Collective Action Complaint [Doc. 1] at ¶ 5, 22, 23, and 25. On November 3, 2023, and November 6, 2023, counsel for Defendant contacted counsel for Plaintiff and requested information on the dates and times Plaintiff claims were subject to reductions or alterations, as well as backup documentation to support Plaintiff's claims. Ex. 1 – Emails to Opposing Counsel. Plaintiff's counsel responded on November 6, 2023, and informed counsel for Defendant that his client did not know how much time Plaintiff was not paid for by Defendant and he needed more time to review records. Ex. 2 – Email from Opposing Counsel. Counsel for Plaintiff further stated that the basis for the stolen time claim was based upon an admission by Plaintiff's supervisor. *Id.* To date, Plaintiff has not provided any pay records or time entries that support his allegations. Defendant is in possession of Plaintiff's pay records, and they show the exact amounts of overtime work completed by Plaintiff, and the

corresponding pay to Plaintiff for those overtime hours. Ex. 3 – Plaintiff's Pay Records. The time records for Defendant's employees are controlled by a phone application that clocks the employee in when the employee enters the work premises and clocks the employee out when the employee leaves the work premises. Ex. 4 – Affidavit of Joyce Reyes. Plaintiff's supervisor was Ryan Anthony Bourne. Ex. 5 – Affidavit of Ryan Bourne. Mr. Bourne did not have access nor the authority to change an employee's time records on the payroll system as alleged by Plaintiff. *See* Ex. 4 and 5. Further, Plaintiff's supervisor explicitly denies the independent conversation with Plaintiff regarding reducing time entries or that any reductions occurred. *See* Ex. 5. Clearly, Plaintiff and his counsel have no evidentiary support for the claims asserted and allegations set forth therein.

Under FRCP 11(c)(1), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."

On November 8, 2023, counsel for Defendant sent counsel for Plaintiff a letter and Notice of Rule 11 Sanctions advising that Defendant would be filing a Motion for Rule 11 Sanctions against Plaintiff Marco Gonzalez and his attorney after the twenty-one (21) day notice period pursuant to FRCP 11(c)(2), if Plaintiff's Original Complaint is not withdrawn. Ex. 6 – Letter and Notice. Rather than withdrawing the Complaint, or supplying any further evidence to substantiate Plaintiff's claims, counsel for Plaintiff filed Plaintiff's First Amended Complaint, alleging a new cause of action for "Unlawful Retaliation under the FLSA." *See* Plaintiff's First Amended Complaint [Doc. 4] at p. 7. In the added claim, Plaintiff alleges that "Defendant is claiming it will

seek sanctions against Gonzalez simply because he seeks to claim his labor rights under federal law." *See* Amended Complaint [Doc. 4] at ¶ 38 and "Defendant's threat to seek sanctions if this suit was not immediately dismissed was done with a retaliatory motive." *See* Amended Complaint [Doc. 4] at ¶ 42.

Plaintiff's addition of an unlawful retaliation claim in its First Amended Complaint [Doc. 4] is also in direct violation of FRCP 11(b)(2). Defendant's Rule 11 letter to Plaintiff was neither retaliatory nor threatening and was done in accordance with Rule 11 procedures. FRCP 11(c)(2) provides that before filing a Motion for Rule 11 Sanctions, the opposing party must have an opportunity to withdraw or correct the challenged claims. Plaintiff has refused to do so, and as such Defendant hereby requests this Court enter an Order for Rule 11 Sanctions against Plaintiff for violating the provisions of FRCP 11(b).

## **CONCLUSION**

Pursuant to FRCP 11, Defendant respectfully requests that this Court sanction Plaintiff and his attorney for filing a baseless putative class action. As discussed in the above Memorandum of Law, the claims of Plaintiff and his attorney are lacking evidentiary support. Plaintiff and his attorney have disregarded their duty to conduct an objectively reasonable inquiry of the relevant law and facts to support Plaintiff's claims. Sanctions are warranted to deter them from such behavior in the future. Therefore, Defendant respectfully requests this Court dismiss Plaintiff's First Amended Complaint [Doc. 4] and impose any other such sanctions and relief this Court deems equitable and proper.

Dated: December 6th, 2023

                                        Respectfully Submitted,

                                        **Helms Law Firm**

                                        */s/ Conner L. Helms*

4

Conner L. Helms
Texas Bar No. 09399930
One N.E. Second Street, Suite 202
Oklahoma City, OK 73104
P: (405) 319-0700
F: (405) 319-9292
conner@helmslegal.com
ATTORNEY FOR DEFENDANT
J & J PRESSURE MANAGEMENT, USA,
LTD.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically served via this Court's ECF filing system on December 6, 2023.

/s/ Conner L. Helms