## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARCO GONZALES, ON BEHALF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,** | § § § § | |
| **PLAINTIFFS,** | § § | |
| v. | § § | **CIVIL ACTION NO. 5:23-cv-1138** |
| **J&J PRESSURE MANAGEMENT USA, LTD.,** | § § § | |
| **DEFENDANT.** | § § | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
### FIRST AMENDED COMPLAINT

Defendant, J&J Pressure Management USA, LTD ("Defendant") hereby requests this court to dismiss Plaintiff Marco Gonzalez's ("Plaintiff") claims against Defendant filed in its First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support, Defendant shows the Court the following:

### I.      BACKGROUND

1.      Defendant has filed its Motion for Rule 11 Sanctions and incorporates it and the exhibits thereto by reference. *See* Mot. for Rule 11 Sanctions, ECF Doc. 7.

2.      On September 12, 2023, Plaintiff filed Plaintiff's Original Collective Action Complaint (hereinafter referred to as "Plaintiff's Original Complaint") against Defendant. *See* Plaintiff's Original Complaint, ECF Doc. 1.

3.      Plaintiff has alleged that Defendant has "stolen" his and other class members overtime pay consistently throughout their time of employment at J&J Pressure Management. *See*

Plaintiff's Original Complaint, ECF Doc. 1 at ¶¶ 5, 22, 23, and 25. These frivolous and unwarranted claims are not supported by any documents.

4.      After receiving and reviewing Plaintiff's Original Complaint, counsel for Defendant contacted counsel for Plaintiff and requested information on the dates and times Plaintiff claims were subject to reductions or alterations.

5.      Plaintiff's counsel responded on November 6, 2023, and informed counsel for Defendant that he needed more time to calculate damages by reviewing the time entries, and that the allegations are based on what the Plaintiff communicates to him, but the Plaintiff does now know how much time was taken.

6.      Defendant is in possession of Plaintiff's pay records, and they show the exact amounts of overtime work completed by Plaintiff, and the corresponding pay to Plaintiff for those overtime hours. *See* e.g. Mot. for Rule 11 Sanctions, ECF Doc. 7-3. Plaintiff's supervisor, Ryan Bourne, was also contacted. Mr. Bourne denies that he reduced Plaintiff's time and further denies the Plaintiff's allegations that relate to him. Mr. Bourne's Affidavit is attached to Plaintiff's Motion for Rule 11 Sanctions. *See* Bourne Aff., ECF Doc. 7-5.

7.      To date, Plaintiff has not provided any pay records or time entries that support his allegations.

8.      On November 8, 2023, counsel for Defendant sent counsel for Plaintiff a Notice of Motion for Rule 11 Sanctions ("the Notice") pursuant to Fed. R. Civ. P. 11. *See* Mot. for Rule 11 Sanctions, ECF Doc. 7-6. The Notice informed counsel for Plaintiff that Defendant would file a Motion for Rule 11 Sanctions against Plaintiff and Plaintiff's counsel after the twenty-one (21) day period pursuant to FRCP 11(c)(2) if Plaintiff's Original Complaint was not withdrawn for violating FRCP 11(B)(2).

9.      After receiving the Notice, Plaintiff filed Plaintiff's First Amended Complaint on

November 9, 2023. *See* Plaintiff's First Amended Complaint, ECF Doc. 4.

10.     Plaintiff's First Amended Complaint added a new claim for "Unlawful Retaliation

Under the FLSA." *See* Plaintiff's First Amended Complaint, ECF Doc. 4 at pp. 7-8.

11.     Plaintiff alleges that Defendant is "threatening" Plaintiff with Rule 11 sanctions

solely to punish him for bringing this case against Defendant, and that Defendant's "threat" of

Rule 11 sanctions was done with "a retaliatory motive." *See* Ptf.'s First Amended Complaint, ECF

Doc. 4 at ¶ 42. Defendant was simply exercising its legal rights under FRCP 11.

## II.      <u>STANDARD OF REVIEW</u>

Under FRCP 12(b)(6), a party may move the Court to dismiss a claim if, on the pleadings,

a party has failed to state a claim on which relief may be granted. In reviewing a motion to dismiss,

the Court takes all facts alleged in the complaint to be true. Although in federal court all well-

pleaded facts in a complaint are taken as true, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *GoDaddy.com, LLC v. Toups*,

429 S.W.3d 752, 754 (Tex. App. – Beaumont 2014, pet. denied).

"To survive a Rule 12(b)(6) motion, the Plaintiff must plead 'enough facts to state a claim

to relief that is plausible on its face.'" *In re Katarina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th

Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even doubtful in fact)." *Id*. (internal quotation marks omitted)

(quoting *Bell Atlantic*, 550 U.S. at 555-56). The court accepts all well-pleaded facts as true,

viewing them in light most favorable to the Plaintiff. *Muhammad v. Dallas Cty. Cmty. Supervision*

*& Corr. Dep't.*, 479 F.3d 377, 379 (5th Cir. 2007). However, the Court need not accept as true

conclusory allegations or unwarranted deductions of fact. *Cent. Laborer's Pension Fund v. Integrated Elect. Servs., Inc.*, 497 F.3d 546, 550 (5th Cir. 2007). If the well-pleaded, non-conclusory statements of fact fail to state a claim upon which relief can be granted, the complaint may be dismissed as a matter of law. *Muhammad*, 479 F.3d at 379-80.

In deciding such a motion, the court is generally limited to considering the contents of the pleadings. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). However, a court may consider documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

In the present case, Plaintiff's cause of action against Defendant for unlawful retaliation under the FLSA has no valid basis in law or fact, due to the fact that the acts by Defendant are required by FRCP 11, and thus cannot survive a Federal 12(b)(6) motion.

### III.     ARGUMENT AND AUTHORITY

**A.  Plaintiff's Claim for Unlawful Retaliation Under the FLSA Fails to State a Claim for Which Relief Can be Granted.**

Plaintiff has alleged that (1) Defendant and its counsel are threatening Plaintiff for an improper purpose – to punish him for bringing the FLSA case; (2) Defendant's threats against Plaintiff for raising legal concerns about his rights under the law violate the antiretaliation provisions of the FLSA; (3) the FLSA provides a cause of action for retaliation against an employer who discriminates in any way against an employee for exercising his legal rights under FLSA 29 U.S.C. §§ 215(a)(3), 216(b); (4) Defendant retaliated against Plaintiff for instituting legal action under the FLSA; (5) Defendant's threat to seek sanctions if the suit was not immediately dismissed was done with a retaliatory motive; and (6) Defendant's retaliatory actions have caused Plaintiff to suffer damages, including emotional distress and additional attorneys fees, costs, and expenses.

      **i.**     **The FLSA 29 U.S.C. § 215(a)(3) Cause of Action for Retaliation does not Apply to the Present Case.**

FLSA 29 U.S.C. § 215(a)(3) states: "After the expiration of one hundred and twenty days from June 25, 1938, it shall be unlawful for any person . . . to discharge or in any other manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceedings under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." Plaintiff has incorrectly stated that Defendant is "discriminating" against Plaintiff. First, Plaintiff quit his job working for Defendant well before Plaintiff filed this action. Second, Plaintiff's cause of action in his Original Complaint was the alleged stealing of overtime hours owed to Plaintiff, which Plaintiff has still provided no evidence of. *See* Original Complaint, ECF Doc. 1.

*Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 624 (5th Cir. 2008) sets out the framework for analyzing a § 215(a)(3) FLSA claim. First, a Plaintiff must make a prima facie showing of (1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. *Id.* In the present case, Plaintiff did file a complaint against Defendant meeting prong 1 of the *Hagan* framework. However, Plaintiff's claim fails under prongs 2 and 3. First, there was no adverse employment action that took place. As aforementioned, Plaintiff had already quit his employment for Defendant before filing this action, thus there is no "adverse employment action" Defendant could bring against Plaintiff. Rather, Defendant was simply exercising its right to file a Motion for Rule 11 Sanctions under Fed. R. Civ. P. 11 for filing a frivolous lawsuit against it. Second, there is no causal link between the activity and the adverse action as put forth in prong 3. In fact, there was no adverse action taken by Defendant against Plaintiff at all. Plaintiff was no longer employed by Defendant, and Defendant's Notice of Motion for Rule 11 Sanctions was sent to Plaintiff to inform Plaintiff and

his counsel that they have not provided sufficient evidence to support Plaintiff's claims, nor is there any evidence available to either party showing a basis for the claim that Defendant stole Plaintiff's overtime hours. Therefore, under the *Hagan* framework, Plaintiff's cause of action for retaliation in violation of the FLSA is without merit.

### ii.     Defendant was Exercising its Right under FRCP 11 for Sanctions.

Plaintiff's First Amended Complaint which states a claim of unlawful retaliation was filed the day after Defendant sent Plaintiff a Notice of Motion for Rule 11 Sanctions. UMF 7-8. FRCP 11(b) states: "By presenting to the Court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) The factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The denials of factual contentions are warranted on the evidence, or, if specifically, so identified, are reasonably based on belief or a lack of information."

FRCP 11(b).

Defendant's Notice of Motion for Rule 11 Sanctions sought to point out to Plaintiff that that it has filed frivolous and unwarranted claims not grounded in any evidence or factual basis. *See* Mot. for Rule 11 Sanctions, ECF Doc. 7-6. Plaintiff's contention that Defendant's Notice of Motion for Rule 11 Sanctions was done with a retaliatory motive, and to threaten and punish Plaintiff for filing his Complaint, is not grounded in any factual basis. If a party believes that an opposing party has violated FRCP 11(b), it may move for sanctions under FRCP 11(c). Thus, Defendant simply exercised its rights under FRCP 11. Further, Defendant complied with FRCP 11(c)(2) and did not file the Motion for Rule 11 Sanctions with the Court, but in fact gave Plaintiff the required twenty-one (21) days to withdraw or correct his Complaint. However, Plaintiff has not done so, and instead filed his baseless unlawful retaliation claim in his First Amended Complaint. *See* First Amended Complaint, ECF Doc. 4.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant respectfully requests that this Court set this Motion for hearing and dismiss Plaintiff's claim of unlawful retaliation in his First Amended Complaint, together with interest, costs, attorneys' fees, and all other relief the Court deems equitable and proper.

Respectfully Submitted,

**Helms Law Firm**

*/s/ Conner L. Helms*
Conner L. Helms
Texas Bar No. 09399930
One N.E. Second Street, Suite 202
Oklahoma City, OK 73104
P: (405) 319-0700
F: (405) 319-9292
conner@helmslegal.com
ATTORNEY FOR DEFENDANT
J & J PRESSURE MANAGEMENT, USA,
LTD.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been electronically served via this Court's ECF filing system on December 6, 2023.

*/s/ Conner L. Helms*