UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCO GONZALEZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CA NO. 5:23-cv-1138-FB |
| J&J PRESSURE MANAGEMENT USA, LTD, | § § § § | |
| DEFENDANT | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS**

Filing baseless motions for sanctions appears to be part of the *modus operandi* of defense counsel in this matter, Mr. Conner L. Helms. *See, e.g.*, *Crownover v. Crownover*, No. DR:15-CV-132-AM-CW, 2018 WL 6220149, at *12 (W.D. Tex. Mar. 30, 2018) ("Simply because the Plaintiff needs access to financial records to establish the specific facts necessary to ultimately support a fraudulent transfer claim does not signify that the Plaintiff has violated Rule 11"); *United States ex. rel. et al v. Western Surety Company*, CA 6:18-cv-00058-RAW (E.D. Okla. November 5, 2018) (motion for sanctions filed by Mr. Helms against a party for attending mediation "without full settlement authority" denied, Dkt. 34); *Naylor Farms, Inc. v. Chaparral Energy, LLC.*, No. CIV-11-0634-HE, 2014 WL 12758541, at *2 (W.D. Okla. Mar. 14, 2014) (motion for sanctions filed by Mr. Helms denied: "The court also concludes that plaintiff has not established a basis for sanctions based on defendant's conduct in discovery"); *Blue Tee Corp. v. Payne Well Drilling, Inc.*, 125 P.3d 677, 679 (Okla. Civ. App. 2005) (default judgment granted to Mr. Helms' client as a result of his client's *third* request for sanctions against defendants reversed on appeal); *Fentem v. Knox*, 2013

OK Civ. App. 50 (Okla. Civ. App. 2013) (trial court's order granting fees and costs to Mr. Helms' client for, among other things, the plaintiffs' alleged "oppressive behavior" in pursuit of "frivolous claims" reversed on appeal); *Lu, et al v. Peach St Fin Gro*up, W.D.Okla., 5:00-CV-01322, October 3, 2001, Dkt. 32) (denying a motion for fees and costs brought by Mr. Helms' client).

Indeed, *Crownover v. Crownover, supra*, is quite similar to the instant case. In that case, Mr. Helms suggested that the plaintiff violated Rule 11 because, in order to prove her case, she needed documents in possession of Mr. Helms' client, the defendant.[1] As the Court explained to Mr. Helms back in 2018:

> Rule 11 requires a party to represent to the Court that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11 (b)(3). The Plaintiff has adequately stated a claim against the Defendant in her personal capacity. Simply because the Plaintiff needs access to financial records to establish the specific facts necessary to ultimately support a fraudulent transfer claim does not signify that the Plaintiff has violated Rule 11.

*Crownover v. Crownover*, No. 2:15-CV-132-AM-CW, 2018 WL 6220149, at *12 (W.D. Tex. Mar. 30, 2018 (ECF No. 87, p. 21), a copy of which is attached hereto as Exhibit A.

In other words, actions defense counsel framed as sanctionable, both in *Crownover* and this case, amount to nothing more than the fact that a party may need to utilize the discovery process to prove its case. If a party is not trial-ready with all necessary documents in hand at the inception of the case, then Mr. Helms believes that party should be sanctioned. Mr. Helms has already been disabused of this notion once. The fact that Mr. Helms' client is, once again, in possession of documents and data needed by Plaintiff to prevail at trial is not a novel situation, it is not sanctionable, and serves as a perfect illustration of why the discovery process exists in the first

---

[1] Mr. Helms argued "Plaintiff's first argument is that Defendant, in both her individual capacity and co-trustee capacity, obstructed the discovery process. This argument borders on a Rule 11 violation and an admission by Plaintiff that she does not have the necessary facts to bring causes of action against Defendant for fraudulent transfer and tortious interference. ECF. No. 70, p. 1, a copy of which is attached hereto as Exhibit B.

place: *sometimes one party has documents and information that the other party needs to prove their case*.

In this case, Plaintiff claims that Defendant *altered* his time, as well as the time of the putative class, to remove overtime hours. Plaintiff's Amended Complaint, ECF No. 4, pp. 1, 2, 4, 5, 6. Providing a copy of what Plaintiff claims is his *altered* time serves no conceivable purpose. Nor does an affidavit from Plaintiff's supervisor in which he promises that he never altered anyone's time. One of the primary benefits of our judicial system is that a plaintiff is not forced to simply take a defendant's word that no wrong occurred; instead, a plaintiff is entitled to independently evaluate the underlying data for himself. Indeed, to that end, Plaintiff's counsel sent Mr. Helms a document preservation letter on November 10, 2023, a copy of which is attached hereto as Exhibit C, *because of the fact that Defendant is in possession of documents Plaintiff needs to prove his case*.

At most, all Defendant has done is create a fact issue as to whether Plaintiff, and all others similarly situated, are owed overtime pay. Indeed, Defendant's evidence is not even sufficient to prevail on a dispositive motion, because discovery has not yet begun, and such a Motion would be subject to a Rule 56(d) continuance. As Plaintiff has set forth sufficient facts to state a cause of action against Defendant under the FLSA, Plaintiff is entitled to utilize the discovery process to determine if Defendant modified, shaved or edited hours reported by Plaintiff or the putative class, and Plaintiff is certainly entitled to take the depositions of Mr. Bourne and his superiors, so that they may be subject to a rigorous cross-examination, as opposed to simply signing their names to a piece of paper drafted by the company attorney.

None of the conduct set forth in Defendant's Motion is sanctionable. Indeed, if anyone has engaged in frivolous or sanctionable conduct, it is opposing counsel, especially after he had been

warned in *Crownover* that the need to utilize the discovery process is not a proper basis for Rule 11 sanctions. As such, Plaintiff's counsel requests that this Court, on its own initiative, order Mr. Helms to show cause why sanctions should not be awarded against him, individually, for filing a spurious Motion for Rule 11 Sanctions and for otherwise generally wasting this Court's time. *See* Fed. R. Civ. P. 11(c)(3). In the alternative, to the extent the Court denies Defendant's Motion for Sanctions, the undersigned, as the prevailing party, requests all reasonable expenses, including fees, incurred by the undersigned in responding to Defendant's Motion for Sanctions. *See* Fed. R. Civ. P. 11(c)(2).

For all the above reasons, Defendant's Motion should be denied.

Respectfully submitted,

**WELMAKER LAW, PLLC**

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on December 7, 2023.

/s/ Douglas B. Welmaker
Douglas B. Welmaker