

Douglas B. Welmaker

November 10, 2023

Via Email: conner@helmslegal.com

Mr. Conner Helms
Helms Law Firm
One N.E. Second Street, Suite 202
Oklahoma City, OK 73104

Re: *Gonzalez v. J&J Pressure Management USA, Ltd*, currently pending in the United States District Court for the Western District of Texas, San Antonio Division, 5:23-cv-1138-FB

Dear Conner:

As you know, this firm represents Marco Gonzalez in the above-referenced unpaid overtime and retaliation case against J&J Pressure Management USA, Ltd. ("J&J"). I am writing to request that J&J take all steps necessary to ensure the preservation of evidence relevant to this matter.

In this connection, J&J and its representatives have possession, custody or control of critical documentary evidence and electronic data relating to Mr. Gonzalez and his claims. Accordingly, the company may not alter, destroy or dispose of any documents, records or data related to the events or issues in dispute.

The documents and electronic data that must be maintained and preserved include, but are not limited to: (1) all personnel records concerning Marco Gonzalez, Andrew Reyes and Ryan Bourne; (2) all documents pertaining to the payment of wages and the recording of and/or editing of hours worked by Mr. Gonzalez, Mr. Andrew Reyes, and any other similarly situated hourly employee or former employee, as well as any related external or internal investigations into unpaid overtime and/or editing or shaving of hours worked by J&J's hourly employees; (3) all documents relating to employee compensation and reporting of hours; (4) all communications, in any format whatsoever, including but not limited to text messages, voicemails or emails, to anyone, including, but not limited to, Ryan Bourne, instructing the recipient of the communication to cut or shave or edit or reduce or in any other way alter time reported and/or recorded by J&J's hourly employees; (5) all communications, in any format whatsoever, including but not limited to text messages, voicemails or emails, from Jeff Madill, from Jesse Madill, or from any other owner or executive officer or management level employee discussing timekeeping, timekeeping procedures, hours worked, and/or altering the hours reported by J&J's hourly employees; (6) all documents relating to internal investigation policies and procedures; (7) all documents relating to oversight and operation of the company's different location; (8) all documents relating to the company's creation, maintenance and retention of records of hours worked reported by its employees; (9) all documents concerning the company's compensation policy, the company's policy regarding

reporting of hours worked, and the company's non-retaliation policy; and (10) all documents relating to the company's document preservation policies. The relevant time period is January 1, 2021 to the present date and continuing.

We also expect that relevant information to Marco Gonzalez's claims will be found within the phone logs and/or Caller ID records of the office and cell phone of Jeff Madill, Jesse Madill and Ryan Boerne for a period of six months preceding and the period following Marco Gonzalez's last day of employment.

Our discovery requests will ask for certain data on the hard drive, external drive, and data stored in the cloud used in your client's computers, some of which data are not readily available to an ordinary computer user, such as "deleted" files and "file fragments." As you may know, although a user may "erase" or "delete" a file, all that is really erased is a reference to that file in a table on the hard disk; unless overwritten with new data, a "deleted" file can be as intact on the disk as any "active" file you would see in a directory listing.

Courts have made it clear that all information available on electronic storage media is discoverable, whether readily readable ("active") or "deleted" but recoverable. See, e.g., Easley, McCaleb & Assocs., Inc. v. Perry, No. E-2663 (Ga. Super. Ct. July 13, 1994; "deleted" files on a party's computer hard drive held to be discoverable, and plaintiffs expert was allowed to retrieve all recoverable files); Santiago v. Miles, 121 F.R.D. 636, 640 (W.D.N. Y. 1988; a request for "raw information in computer banks" was proper and obtainable under the discovery rules); Gates Rubber Co v. Bando Chemical Indus., Ltd., 167 F.R.D. 90, 112 (D. Colo. 1996; mirror-image copy of everything on a hard drive "the method which would yield the most complete and accurate results," chastising a party's expert for failing to do so); and Northwest Airlines, Inc. v. Teamsters Local 2000, et al., 163 L.R.R.M. (BNA) 2460, (USDC Minn. 1999); court ordered image-copying by Northwest's expert of home computer hard drives of employees suspected of orchestrating an illegal "sick-out" on the Internet).

As used herein, the term "document" is construed in the broadest sense of that term and includes the original, all drafts and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, of correspondence, telegrams, memoranda, reports of telephone conversations, ledgers, journals, invoices, bills, call reports, financial and business records, bank statements, receipts, contracts, reports, studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, rules, regulations, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, testimony, press releases, speeches, surveys, graphs, statistics, tables, printed or typewritten forms (whether of meetings, telephone calls, or otherwise), indices, agreements, graphic representations, cancelled checks, telephone message slips, sketches, notes of conversations, and all other written, printed, typed or other reported matters.

Further, the term "document" also includes all electronic data and includes, but is not limited to, originals and all copies of electronic mail; activity listings of electronic mail receipts or

transmittals; voice-mails; audio or video recordings of any kind; computer programs (whether private, commercial or some work in progress); output resulting from the use of any software program, including timekeeping data, word processing documents, spreadsheets, database files, charts, graphs and outlines; operating systems; source codes of all types; PIF files; batch files; ASCI files; and all miscellaneous electronic files or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, remote file, deleted file or file fragment. Electronic data includes any and all information stored in hard disks, CD ROMs, DVDs, Bernoulli disks and their equivalents, magnetic tapes of all kinds and computer chips (including but not limited to EPROM, PROM, RAM and ROM). Electronic data also includes the files, containers or labels appended to any storage device containing electronic data.

To the extent that J&J's regular document destruction policy would call for the destruction of these or any other documents, records, or computer data relevant to the claims asserted in Marco Gonzalez's lawsuit, please interrupt that document destruction. This request extends to information contained on individual computers as well as to documents maintained on J&J's servers or on or in its backup storage. In order to avoid spoliation you may have to suspend certain normal computer maintenance procedures, including but not limited to such procedures as de-fragmenting hard drives, deleting internet cookies, deleting browser history and favorites, and running any "disk clean-up" processes.

Finally, please note that though some computer data is deleted during the normal operation of a personal computer, you are not relieved from preserving such data. Moreover, please take steps to prevent any J&J employees from taking steps to destroy any relevant documents, including files contained on their work computers, home computers, personal e-mail accounts, PDA's, and personal cell and home phones.

Please ensure that J&J fulfills its legal obligation to preserve and safeguard all documentary and electronic evidence for the relevant time period. Thank you for your cooperation in this matter.

                                        Sincerely,

                                        WELMAKER LAW, PLLC.

                                        By: _____
                                                 Douglas B. Welmaker