UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCO GONZALEZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CA NO. 5:23-cv-1138-FB-RBF |
| J&J PRESSURE MANAGEMENT USA, LTD, | § § § § | |
| DEFENDANT | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**[1]

**I.     INTRODUCTION**

Defendant claims that Plaintiff's cause of action for retaliation against it must be dismissed under FRCP 12(b)(6) because 1) Defendant was actually compelled to file its Rule 11 Motion for Sanctions against Plaintiff and his counsel, 2) as a former employee, Plaintiff is not entitled to the protections of the FLSA's anti-retaliation provisions, and 3) Defendant's threat to file Rule 11 sanctions (which Defendant filed on December 6, 2023) was sent merely to inform Plaintiff and his counsel that they had not provided, in Defendant's estimation, sufficient evidence to move forward with this lawsuit.  As with Defendant's Motion for Rule 11 Sanctions, Defendant's Motion to Dismiss is untethered by either law or logic.

---

[1] Concurrently with the filing of this Response, Plaintiff has amended his Complaint, pursuant to Western District Local Rule CV-15, and has including the fact that Defendant did not just threaten to file a Motion for Sanctions against Plaintiff and his counsel, but that Defendant actually filed a Rule 11 Motion for Sanctions.  *See* ECF No. 7, dated December 6, 2023.

## II.    ARGUMENT AND AUTHORITIES

### A.    Defendant's Obligation to Threaten and/or File for Sanctions

Defendant claims that Plaintiff cannot assert a cause of action for retaliation against it because Defendant was somehow duty-bound to threaten and/or file its Motion for Sanctions:

> In the present case, Plaintiff's cause of action against Defendant for unlawful retaliation under the FLSA has no valid basis in law or fact, due to the fact that the acts by Defendant *are required* by FRCP 11, and thus cannot survive a Federal 12(b)(6) motion.

ECF No. 8, p. 4 (emphasis added).

Defendant provides neither case law nor facts supporting its duty in this regard, nor does Defendant cite case law that would somehow immunize it from a retaliation claim.  In fact, the 1993 Advisory Committee notes to Rule 11 address the very conduct exhibited by Defendant in this litigation: "Rule 11 motions should not be … employed … to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes.  Nor should Rule 11 motions be prepared to… intimidate an adversary into withdrawing contentions that are fairly debatable…" Advisory Committee Note to Rule 11, as amended in 1993.  Defendant's Motion for Sanctions violates both admonitions.

### B.    Defendant Incorrectly Claims that the FLSA Retaliation Provisions Only Apply to Current Employees

Defendant purports to analyze Plaintiff's retaliation claim under the standard set forth by the Fifth Circuit in *Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 624 (5th Cir. 2008),[2] and concludes, without citation to authority, that retaliation could not occur under either the second or third prong of the test because Plaintiff is no longer employed by Defendant:

---

[2] "First, a plaintiff must make a prima facie showing of (1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action." *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008).

2

> First, there was no adverse employment action that took place. As aforementioned, *Plaintiff had already quit his employment for Defendant before filing this action, thus there is no "adverse employment action"* Defendant could bring against Plaintiff.
>
> . . .
>
> Second, there is no causal link between the activity and the adverse action as put forth in prong 3. *In fact, there was no adverse action taken by Defendant against Plaintiff at all. Plaintiff was no longer employed by Defendant* and Defendant's Notice of Motion for Rule 11 Sanctions was sent to Plaintiff to inform Plaintiff and his counsel that they have not provided sufficient evidence[3] to support Plaintiff's claims, nor is there any evidence available to either party showing a basis for the claim that Defendant stole Plaintiff's overtime hours.

ECF No. 8, pp. 5-6 (emphasis added).

In other words, Defendant claims that the FLSA's retaliation provisions only apply to current employees. *Id*. This, however, is not the law; in fact, it has not been the law in the Fifth Circuit for at least 51 years, nor is it the law in other circuits.[4] In *Hodgson v. Charles Martin Inspectors of Petroleum, Inc*., 459 F.2d 303, 306 (5th Cir. 1972), the Fifth Circuit ruled that the FLSA's anti-retaliation provisions also apply to former employees. *See also E.E.O.C. v. J.M. Huber Corp*., 927 F.2d 1322, 1331, n. 41 (5th Cir. 1991) (citing to *Hodgson* for the same proposition); *Darveau v. Detecon, Inc*., 515 F.3d 334, 343 (4th Cir. 2008) (also citing to *Hodgson*: "The Fifth Circuit has likewise recognized that the FLSA protects former employees from retaliation, and not merely current ones"); *Girling v. JHW Servs., LLC*, No. SA-21-CV-0532-JKP-ESC, 2022 WL 80279, at *3 (W.D. Tex. Jan. 7, 2022) (allowing retaliation claim under the FLSA

---

[3] If Defendant truly believed that Plaintiff had not provided "sufficient evidence" to support his FLSA claim, the proper vehicle to address this contention would have been an Rule12(b)(6) motion. *See supra*, p. 2, citing to the 1993 Advisory Committee Notes to Rule 11.

[4] *See Cruz v. Don Pancho Market, LLC*, 167 F.Supp.3d 902 (W.D. Mich. 2016) (holding, in the context of an FLSA retaliation claim, that "the fact that Plaintiff [was] a former employee [when the allegedly adverse action occurred] does not matter"); *Smith v. Haynes & Haynes P.C*., 940 F.3d 635, 648-49 (11th Cir. 2019) (observing, in the context of an FLSA retaliation claim, "[m]aterial adverse actions are not limited to those that are directly related to employment or occur at the workplace").

3

to proceed based upon the allegation that former employer's challenge to unemployment benefits could, under certain circumstances, constitute actionable retaliation against former employee).[5]

Plaintiff, as a former employee, can indeed avail himself of the FLSA's retaliation protections.

### C. Defendant Incorrectly Claims No Causation Exists

To the extent Defendant argues that there is no causal connection between Plaintiff's protected activity (filing suit against Defendant) and Defendant's adverse action (attempting to leverage the threat of filing a baseless Rule 11 Motion in an attempt to pressure Plaintiff to withdraw his lawsuit), counsel for Defendant clearly stated: "You are advised that Defendant J&J Pressure Management will file a Motion for Sanctions against Plaintiff Marco Gonzalez and you…if Plaintiff's Original Complaint is not withdrawn." ECF No. 7-6, letter of November 8, 2023 from Carly E. McKenny to Douglas B. Welmaker. A review of the substance of the Rule 11 Motion, as set forth in Plaintiff's Response, ECF No. 9, reveals that the bases underlying both the threat and the actual Motion itself are completely without merit.

This situation is analogous to the case of *Sowards v. Toyota Motor Mfg.*, No. CV 3:15-13029, 2016 WL 3211441 (S.D.W. Va. June 9, 2016), where the plaintiff sought leave to amend his complaint to add a claim for retaliation based on the defendant's threats to file both Rule 11

---

[5] The court in *Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 910–11 (W.D. Mich. 2016) noted that a unanimous Supreme Court held, in *Burlington Northern and Sante Fe Ry. Co. v. White*, that "[t]he scope of the [Title VII] antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." 548 U.S. 53, 67, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), and that this principle is not limited to the Title VII context, as the Supreme Court observed: "Congress has provided similar kinds of protection from retaliation in comparable statutes without any judicial suggestion that those provisions are limited to the conduct prohibited by the primary substantive provisions." *Id*. at 66, 126 S.Ct. 2405. "And just like Title VII, '[i]nterpreting the [FLSA] antiretaliation provision to provide broad protection from retaliation helps ensure the cooperation upon which accomplishment of the Act's primary objective depends.' *Burlington Northern*, 548 U.S. at 67, 126 S.Ct. 2405. "Thus, the fact that Plaintiff is a former employee does not matter." *Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d at 911.

sanctions and a malicious prosecution action against the plaintiff and his counsel. In granting the plaintiff leave to amend his complaint, the court explained that the defendant's threats were sufficient to state a plausible cause of action for retaliation:

> Based on the standards discussed above and construing the facts alleged in a light most favorable to Mr. Sowards, there is no futility in adding the proposed FMLA retaliation claim to the Complaint. An employer's actions that "could well dissuade a reasonable worker from making or supporting a charge" under the FMLA are the sort of materially adverse actions necessary to support an FMLA retaliation claim. *See Burlington Northern*, 548 U.S. at 57. According to the instant motion, Manpower's Counsel repeatedly threatened to file against Mr. Sowards and his counsel a lawsuit for malicious prosecution and a motion for Rule 11 sanctions unless Mr. Sowards withdrew his FMLA claim and others against Manpower. <u>Threatening a malicious prosecution lawsuit *or* Rule 11 sanctions to induce an employee's voluntarily withdrawing his or her FMLA claim may constitute retaliation under the FMLA.</u> *See Steffes*, 144 F.3d at 1075; *Walsh*, 2006 WL 2380379, at *3. One good way to dissuade an employee from continuing an FMLA action would be threatening to bring a malicious prosecution lawsuit *or* Rule 11 sanctions against the employee unless the FMLA claim is abandoned. *See Walsh*, 2006 WL 2380379, at *3. A reasonable employee deciding between either dropping a tenuous but not frivolous FMLA claim or facing possible sanctions and a malicious prosecution lawsuit—bolstered by losing that tenuous FMLA claim—might well choose to forgo the FMLA claim. *See Walsh*, 2006 WL 2380379, at *3.

*Sowards v. Toyota Motor Mfg.*, No. CV 3:15-13029, 2016 WL 3211441, at *4 (S.D.W. Va. June 9, 2016) (emphasis added). The *Sowards* court also recognized the power of a defendant's threats in the litigation context, and that such threats can indeed be construed as discrimination:

> …one powerful way of discriminating against employees for exercising their FMLA rights is threatening lawsuits and sanctions motions. And so, although in most cases threatening lawsuits and motions for sanctions in order to get a case voluntarily dismissed may simply be an inappropriate litigation tactic and nothing more, in cases under a statute with an anti-retaliation provisions these threats may be actionable conduct giving rise to a retaliation claim held by the threatened individual.

*Id.* at *6.[6]

---

[6] The retaliation provisions of the FMLA and the FLSA are identical: "In order to establish a prima facie claim for FLSA or FMLA retaliation, a plaintiff must show that: (1) she engaged in activity protected under either act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Richmond v. ONEOK, Inc*., 120 F.3d 205, 208 (10th Cir.1997) (citing *Archuleta v. Colorado Dep't of Institutions*, 936 F.2d 483, 486 (10th Cir.1991)).

Defendant's threats and subsequent filing of its Motion for Rule 11 Sanctions are precisely the sort of conduct anti-retaliation provisions, such as the FLSA's, were designed to prevent.

The fact that Defendant's threats and Motion were both without merit also establishes causation. As another district court held recently when considering a 12(b)(6) challenge to a plaintiff's claim for retaliation under the FLSA: "asserting a counterclaim devoid of merit in response to an FLSA action 'essentially [seeks] to punish the Plaintiff (or deter others) with the prospect of attorney's fees for the mere filing of a federal claim under the FLSA, which is unquestionably a protected activity'…That Defendants' conversion claim is legally insufficient further supports the conclusion that it was asserted for improper and unlawful reasons." *McCrea v. Blue Star Motel* No. 1:21-CV-270, 2022 WL 708737, at *4 (W.D. Mich. Jan. 27, 2022), report and recommendation adopted *sub-nom*. *McCrea v. Blue Star Lodging, Inc.*, No. 1:21-CV-270, 2022 WL 593588 (W.D. Mich. Feb. 28, 2022). The court concluded in *McCrea* that the plaintiff's FLSA retaliation allegations were sufficient to survive defendants' challenge. *Id*.

In yet another case with similar facts to this case, the court in *Nasrallah v. Lakefront Lines, Inc.*, No. 1:17 CV 69, 2017 WL 2291657 at * 8 (N.D. Ohio May 25, 2017) found the plaintiff's claim for retaliation was sufficient to withstand a 12(b)(6) challenge when the retaliation claim was based on the fact that 1) defendants sent letters threatening that they would pursue legal action and seek attorneys' fees if the plaintiff did not drop her lawsuit, and 2) defendants pursued their counterclaim even after being informed that the counterclaims were wholly unsupported by case law. *Id*.

That bad faith or meritless claims filed by a defendant against a plaintiff can constitute retaliation is not a new or particularly controversial concept. Indeed, multiple courts have held that counterclaims that are not brought in good faith but instead are motivated by retaliation, "can

6

be a basis for a claim of retaliation." *Sharqawi v. Kirby Co.*, No. 1:20CV00271, 2022 WL 1227327, at *4 (N.D. Ohio Apr. 26, 2022); *Nasrallah v. Lakefront Lines, Inc.,* No. 1:17 CV 69, 2017 WL 2291657 at * 8 (N.D. Ohio May 25, 2017); *see also Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 911 (W.D. Mich. 2016) (citing *Darveau v. Detecon, Inc.*, 515 F.3d 334, 343–44 (4th Cir. 2008) (holding that "an employer filing a lawsuit against a former employee without a reasonable basis in law or fact constitutes an act of retaliation under [the FLSA]"). The test is whether a defendant's conduct would "dissuade a reasonable employee from making or supporting an FLSA claim." *Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 912 (W.D. Mich. 2016).[7]

Defendant here has sought not just to deter not just Plaintiff's participation in this suit, but to deter the participation of all other potential opt-ins, by way of the threat of monetary sanctions. *See Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 912 (W.D. Mich. 2016) (finding that "the theoretical possibility and demand of attorney's fees could particularly 'dissuade a reasonable worker from making or supporting' an FLSA claim", citing to *Burlington Northern*, 548 U.S. at 67, 126 S.Ct. 2405).

Unfortunately, in this situation, the bell cannot be "unrung" and Defendant's bad faith conduct may have already had a chilling effect on the desire of others to join in the lawsuit, even though neither Plaintiff nor opt-in Andrew Reyes have refused to capitulate to Defendant's threats. As such, Plaintiff once again urges this Court to consider levying sanctions on Defendant's counsel under its inherent power to do so found in Fed. R. Civ. P. 11(c)(3).

For all the above reasons set forth above, Defendant's Motion to Dismiss should be denied.

---

[7] Indeed, the Fourth Circuit has held that all that is necessary in this context is for a plaintiff to allege that the employer engaged in an act that would have been materially adverse to a reasonable employee and would dissuade a reasonable employee from making or supporting an FLSA claim. *Darveau v. Detecon, Inc.*, 515 F.3d 334, 343 (4th Cir. 2008).

Respectfully submitted,

**WELMAKER LAW, PLLC**

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Response to Defendant's Motion to Dismiss has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on December 20, 2023.

/s/ Douglas B. Welmaker
Douglas B. Welmaker