UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCO GONZALEZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § § | |
| v. | § § | CA NO. 5:23-cv-1138-FB-RBF |
| J&J PRESSURE MANAGEMENT USA, LTD, | § § § § | |
| DEFENDANT | § | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

Plaintiff Marco Gonzalez and Defendant J&J Pressure Management USA, LTD, file the following Joint Rule 26 Report, and in support thereof, would show the following:

**1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

**Response:**

Plaintiff has filed this matter as a putative collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. In order for Plaintiff to prevail on his FLSA claim against Defendant, he must show that 1) Defendant employed Plaintiff; 2) Defendant is an enterprise engaged in commerce or in the production of goods for commerce; and 3) Defendant failed to pay Plaintiff overtime pay. U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 11.24(A)(1) (2020).

Defendant denies that Plaintiff was ever denied wages for overtime work. Defendant is in possession of Plaintiff's pay records which completely and accurately show that Plaintiff

completed varying hours of overtime work and was paid for the same. Defendant further raises the defenses that Plaintiff's claims are frivolous, barred in whole or in part by the doctrine of unclean hands, are not proper claims to have a class action and fail to pass the requirements to establish a class action, and that Plaintiff's claims are not supported by any admissible evidence.

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

   a. **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

**Response:**

Not applicable.

   b. **If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

**Response:**

Not applicable.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

**Response:**

There are no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

**Response:**

Not at this time.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

**Response:**

Not at present.

**6.     Are there any issues about preservation of discoverable information?**

**Response:**

Defendant does not believe there are any issues about preservation of discoverable information. Defendant's counsel received Plaintiff's November 10, 2023, document preservation letter and promptly forwarded it to the client. Plaintiff's time records have been provided to Plaintiff and Plaintiff still has not identified a single date he was improperly paid.

**7.     Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

**Response:**

Yes.  Among other things, Plaintiff will seek the production of Defendant's timekeeping system in electronic format and the production of all emails, documents, and communications regarding employee time and the modification thereof in electronic format, with all included metadata, as part of the discovery process.  Plaintiff will also seek to have text messages on personal phones that discuss the allegations made in this lawsuit collected and extracted by use of iMazing for iPhones or LegalTextCollector for Android.

Defendant believes the only issue regarding the disclosure or discovery of electronically stored information is the confidential information contained therein. Plaintiff and Defendant discussed this in the Rule 26(f) conference and a protective order will be circulated.

**8.     What are the subjects on which discovery may be needed?**

**Response:**

Plaintiff seeks preliminary discovery (Phase I discovery) as to the appropriateness of notice issuing in this matter, and specifically as to whether the putative class members are similarly situated (i.e., whether the potential class members performed the same basic tasks and were subject

to the same pay practices). If the Court grants Plaintiff's Motion for Notice, Plaintiff will then seek more traditional discovery regarding Plaintiff's and any opt-in's claims, damages and Defendants' defenses.

Defendant believes the Court should rule upon the pending Motions, Defendant's Motion for Rule 11 Sanctions and Defendant's Motion to Dismiss, before preliminary discovery begins.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

**Response:**

Plaintiff made his initial disclosures on December 8, 2023.

Defendant made its initial disclosures on December 13, 2023.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

**Response:**

No discovery has been undertaken at this time, and there is no agreement regarding the discovery at this time. The Parties will submit a proposed discovery schedule within the timeframe contemplated by the FEDERAL RULES OF CIVIL PROCEDURE. The Parties anticipate that discovery may need to be conducted in phases. Finally, the Parties do not think additional limitations on discovery, other than those imposed by the FEDERAL RULES OF CIVIL PROCEDURE, will be necessary in this case.

11. **What, if any, discovery disputes exist?**

**Response:**

Plaintiff believes there are none at present.

Defendant believes the only dispute regarding discovery is whether discovery will be allowed before ruling on the pending motions, Defendant's Motion for Rule 11 Sanctions and Defendant's Motion to Dismiss.

**12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

**Response:**

Rule 502 has been discussed. The parties are circulating a proposed order which will address Rule 502 and other confidential information.

**13. Have the parties discussed early mediation?**

**Response:**

Yes. The parties discussed early mediation during the Rule 26(f) conference and both are agreeable to participating in early mediation.

**14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

**Response:**

The Parties anticipate a protective order will be necessary to ensure all confidential information of the parties exchanged in discovery remains confidential. Additionally, Defendant has filed a Motion for Rule 11 Sanctions against Plaintiff and a Motion to Dismiss the retaliation cause of action contained in Plaintiff's Amended Complaint. Plaintiff has filed Responses to both Motions and has, in turn, asked the Court to *sua sponte* sanction Defendant under FRCP 11(c)(3) for filing a frivolous Motion for Sanctions, as more fully set forth in Plaintiff's Response to Defendant's Rule 11 Motion for Sanctions, ECF No. 9.

/s/ *Douglas B. Welmaker*          January 9, 2024
Counsel for Plaintiff(s)                Date

/s/Conner L. Helms           January  4th   2024.
Counsel for Defendant(s)     Date