UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCO GONZALES, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF, | § § | |
| v. | § § | 5:23-CV1138-FB-RBF |
| J&J PRESSURE MANAGEMENT USA, LTD., | § § § § | |
| DEFENDANT. | § § | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, J&J Pressure Management USA, LTD ("Defendant") files this Answer and Affirmative Defenses to Plaintiff Marco Gonzalez's Second Amended Complaint [ECF No. 14].

1. Defendant denies the allegations set forth in paragraph 1 of Plaintiff's Second Amended Complaint.

2. Defendant denies the allegations set forth in paragraph 2 of Plaintiff's Second Amended Complaint.

3. Defendant is without sufficient information or knowledge to form a belief as to whether the Plaintiff signed the notice of consent referenced to in paragraph 3 of Plaintiff's Second Amended Complaint or Plaintiff's current residence. Defendant admits that Plaintiff was an employee of Defendant for a period of time.

4. Defendant admits the allegations set forth in paragraph 4 of the Plaintiff's Second Amended Complaint.

1

5. Defendant denies the allegations set forth in paragraph 5 of Plaintiff's Second Amended Complaint.

6. Defendant admits the allegations set forth in paragraph 6 of Plaintiff's Second Amended Complaint.

7. The allegations set forth in paragraph 7 of Plaintiff's Second Amended Complaint consist of a legal conclusion which requires no response. To the extent a response is required, Defendant admits that Defendant was Plaintiff's employer as alleged. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 7.

8. Defendant admits the allegations set forth in paragraph 8 of Plaintiff's Second Amended Complaint.

9. Defendant admits the allegations set forth in paragraph 9 of Plaintiff's Second Amended Complaint insofar as it states that this Court has subject matter jurisdiction over this matter. Defendant is without sufficient information or knowledge to form a belief as to whether this Court has personal jurisdiction over "all parties to this action" as set forth in paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendant admits that this Court has personal jurisdiction over Defendant as alleged in paragraph 10 of Plaintiff's Second Amended Complaint. Defendant denies that it "has committed actions" that Plaintiff alleges violated the FLSA.

11. Defendant admits the allegations set forth in paragraph 11 of Plaintiff's Second Amended Complaint.

12. Defendant admits that Defendant was Plaintiff's employer as alleged in paragraph 12 of Plaintiff's Second Amended Complaint. Defendant is without sufficient information to admit or deny whether Defendant acted as employer to any "Similarly Situated Workers."

13. Defendant admits the allegations set forth in paragraph 13 of Plaintiff's Second Amended Complaint.

14. Defendant admits the allegations set forth in paragraph 14 of Plaintiff's Second Amended Complaint.

15. Defendant admits the allegations set forth in paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendant admits the allegations set forth in paragraph 16 of Plaintiff's Second Amended Complaint insofar as they relate to Plaintiff Marco Gonzalez. Defendant is without sufficient information or knowledge to form a belief as to the allegations set forth in paragraph 16 regarding "Similarly Situated Workers" and therefore denies the same.

17. Defendant admits the allegations set forth in paragraph 17 of Plaintiffs' Second Amended Complaint insofar as they relate Plaintiff Marco Gonzalez. Defendant is without sufficient information or knowledge to form a belief as to the allegations set forth in paragraph 17 regarding "Similarly Situated Workers" and therefore denies the same.

18. Defendant admits the allegations set forth in paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendant admits the allegations set forth in paragraph 19 of Plaintiff's Second Amended Complaint.

20. Defendant admits Plaintiff was an hourly, nonexempt employee at Defendant's Charlotte, Texas, location as alleged in paragraph 20 of Plaintiff's Second Amended Complaint. Defendant is without sufficient information or knowledge to form a belief as to whether Plaintiff "consistently worked more than forty-hours per workweek and averaged approximately 45 hours per week."

21. Defendant denies the allegations set forth in paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of Plaintiff's Second Amended Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Second Amended Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of Plaintiff's Second Amended Complaint.

25. Defendant admits that on or about November 10, 2023, Plaintiff's counsel sent a preservation of evidence letter to Defendant's counsel. Defendant denies the remaining allegations set forth in paragraph 25 of Plaintiff's Second Amended Complaint.

26. Defendant denies the set forth in paragraph 26 of Plaintiff's Second Amended Complaint.

27. Defendant admits that Defendant is in possession of Plaintiff's time and pay records but is without sufficient information to admit or deny the remaining allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of Plaintiff's Second Amended Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Second Amended Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of Plaintiff's Second Amended Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of Plaintiff's Second Amended Complaint.

32. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 32 of Plaintiff's Second Amended Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of Plaintiff's Second Amended Complaint.

34. Defendant incorporates ¶¶ 1-33 herein by reference.

35. Defendant admits that Defendant's counsel sent counsel for Plaintiff a letter of Notice of Rule 11 Sanctions for filing a frivolous lawsuit after Plaintiff's counsel admitted that neither Plaintiff nor Plaintiff's counsel had any records to support Plaintiff's allegations and that Plaintiff did not know which dates were at issue for his claims. Defendant denies that the Rule 11 letter was "threatening" as the letter and motion are required by Rule 11. Defendant admits that a Rule 11 Motion was attached to the letter and part of the motion is quoted in paragraph 35 of Plaintiff's Second Amended Complaint.

36. Defendant admits that Plaintiff's counsel sent counsel for Defendant the email described in paragraph 36 of Plaintiff's Second Amended Complaint. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 36.

37. Defendant admits that Defendant filed a Motion for Rule 11 Sanctions against Plaintiff and his counsel after proper notice and opportunity to respond. Defendant denies the remaining allegations set forth in paragraph 37 of Plaintiff's Second Amended Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of Plaintiff's Second Amended Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of Plaintiff's Second Amended Complaint.

40. Defendant admits the allegations set forth in paragraph 40 of Plaintiff's Second Amended Complaint insofar as it correctly states the FLSA provides a cause of action for retaliation against an employer who discriminates in any way against an employee for exercising his legal rights under the FLSA. Defendant denies that Defendant is in any way discriminating or retaliating against Plaintiff for the claims he has brought.

41. Defendant denies the allegations set forth in paragraph 41 of Plaintiff's Second Amended Complaint.

42. Defendant admits that filing a federal claim under the FLSA is a protected activity as long as Rule 11 is followed. Defendant denies the remaining allegations set forth in paragraph 42 of Plaintiff's Second Amended Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of Plaintiff's Second Amended Complaint.

44. Defendant denies the allegations set forth in paragraph 44 of Plaintiff's Second Amended Complaint.

45. Defendant denies that Defendant's actions are retaliatory as set forth in paragraph 45 of Plaintiff's Second Amended Complaint. Defendant is without sufficient information as to admit or deny the remaining allegations set forth in paragraph 45.

## **AFFIRMATIVE DEFENSES**

46. Defendant incorporates ¶¶ 1-45 herein by reference.

47. Plaintiff's claims are frivolous.

48. Plaintiff's Unlawful Retaliation claim set forth in the Second Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

49. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

50. Defendant has complied with the FLSA.

51. Defendant has properly paid Plaintiff for his overtime hours.

52. Upon information and belief, there are not any other employees of Defendant who are similarly situated.

53. Upon information and belief, there are not sufficient similar issues to form a collective action.

54. Upon information and belief, employees of Defendant are not performing the same "job duties" as required to form a similarly situated class.

55. Upon information and belief, employees of Defendant are subject to different pay and hourly wages.

56. Upon information and belief, employees of Defendant are not located in a geographic proximity necessary to form a similarly situated class.

57. Upon information and belief, employees of Defendant report to varying managers, supervisors, and superiors.

58. Plaintiff's request for punitive damages is unconstitutional and/or in violation of Defendant's constitutional rights.

59. Plaintiff's prayer for declaratory relief is not supported by any factual allegations or evidence.

60. Plaintiff's prayer for injunctive relief is not supported by any factual allegations or evidence.

61. Plaintiff has failed to properly plead facts that would support Plaintiff being a representative for a class with similarly situated workers.

62. Defendant has in good faith relied upon third-party suppliers of time keeping equipment that the equipment and software properly keeps track and records Defendant's employees' time as required by FSLA.

63. Defendant reserves the right to add additional defenses as discovery progresses.

## PRAYER FOR RELIEF

Defendant respectfully requests that Plaintiff's claims be denied, and that judgment be entered in favor of Defendant, together with reasonable attorneys fees, costs, all and such further relief to which Defendant may be entitled.

Respectfully Submitted,

**Helms Law Firm**

**JURY TRIAL DEMANDED**

*/s/ Conner L. Helms*
Conner L. Helms
Texas Bar No. 09399930
One N.E. Second Street, Suite 202
Oklahoma City, OK 73104
P: (405) 319-0700
F: (405) 319-9292
conner@helmslegal.com
ATTORNEY FOR DEFENDANT
J & J PRESSURE MANAGEMENT, USA, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically served via this Court's ECF filing system on February 20, 2024.

*/s/ Conner L. Helms*