IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCO GONZALEZ, ON BEHALF OF HIMSELF AND OTHER SIMILARLY SITUATED.; AND ANDREW REYES, § § § § | | |
| *Plaintiffs,* § | 5:23-CV-01138-FB-RBF | |
| § | | |
| vs. § | | |
| § | | |
| J&J PRESSURE MANAGEMENT USA, LTD, § § § | | |
| § | | |
| *Defendant.* § | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant J&J Pressure Management's Motion for Sanctions and Motion to Dismiss. *See* Dkt. Nos. 7 & 8. All pretrial matters have been referred for resolution, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 12. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Defendant's Motion for Sanctions and Motion to Dismiss, Dkt. Nos. 7 & 8, should both be **DENIED.**

**Factual and Procedural Background**

Plaintiff Marco Gonzalez filed this putative collective action on September 12, 2023, alleging unlawful withholding of overtime pay in violation of the Fair Labor Standards Act (FLSA). Dkt. No. 1. Shortly thereafter, Gonzalez filed an amended complaint, which added a claim of unlawful retaliation under the FLSA. Dkt. No. 4 at 7. The parties represent that in between the filing of the original complaint and amended complaint, counsel for both sides

1

communicated by email about whether Gonzalez possessed evidence to support his original claim for unpaid overtime. *See* Dkt. Nos. 4, 7, 8, 9, 14 & 15. The parties also represent that Gonzalez amended his complaint in response to an email from Defendant's counsel expressing an intent to file a motion for sanctions in connection with the alleged lack of evidentiary support for the overtime claim. *See* Dkt. No. 4 at 7-8; *see also* Dkt. Nos. 7, 8, 9, 14 & 15. And after filing an answer denying the allegations, Defendant filed a motion for sanctions under Federal Rule of Civil Procedure 11 as well as a motion to dismiss the retaliation claim in the amended complaint under Rule 12(b)(6). Dkt. Nos. 7 & 8. Plaintiff Gonzalez responded to both motions. Dkt. Nos. 9 & 15.

On February 7, 2024, the Court held an initial pretrial conference and discussed the pending motions with the parties. *See* Dkt. No. 21. For the reasons stated on the record at the hearing, in the parties' briefing, and discussed below, both of Defendant's motions should be **DENIED.**

## Analysis

The core of Defendant's sanctions motion is the contention that because Plaintiff has not come forward with documentary evidence to support his overtime claims at the pleading stage, those claims necessarily are frivolous and sanctionable. The motion to dismiss urges that the sanctions motion wasn't retaliatory because it is warranted. Defendant's aggressive arguments are misplaced.

The live complaint, taken as true as it must be at this stage, states a claim for unpaid overtime premised on unlawful alteration of time records. Much the same is true of the original complaint. It is therefore largely beside the point, especially in the infancy of this action, that Defendant has sworn statements and internal time records reflecting no underpayment. Plaintiff

has not had the opportunity to conduct discovery and alleges misconduct by Defendant aimed at avoiding overtime payments. And while it is conceivable that bringing a lawsuit based solely on what later turned out to be untrue statements from the plaintiff-client could be sanctionable, there are many miles to go for Defendant before any such conclusion is warranted here. Instead, Defendant has jumped the gun and squandered judicial resources with an overly aggressive, close-to-frivolous sanctions motion and an only-just-colorable motion to dismiss. Both motions should be denied.

        A.        **Defendant's Motion for Sanction Should Be Denied.**

Rule 11 "requires a party to represent to the Court that factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Crownover v. Crownover*, 2018 WL 6220149 at *12 (W.D. Tex. Mar. 30, 2018) (citing Fed. R. Civ. P. 11(b)(3)) (internal quotations omitted). Defendant's argument that Plaintiff should be sanctioned because his unpaid-overtime claims lack documentary support fails because the argument doesn't come properly to grips with the nature of Plaintiff's claims and the early stage of the proceedings.

The foundational premise of Plaintiff's overtime claims is that his official time records are inaccurate. Indeed, Plaintiff contends that "Defendant *altered* his time . . . to remove overtime hours." Dkt. No. 9 at 3 (emphasis in original); *see also* Dkt. No. 4 at 1-2 & 4-6. Apparently, a supervisor admitted as much to Plaintiff Gonzalez, at least according to Gonzalez. *See* Dkt. No. 2 ("Counsel for Plaintiff further stated that the basis for the stolen time claim was based upon an admission by Plaintiff's supervisor"). The original complaint that prompted the sanctions motion thus alleged that Plaintiff's "hours worked over forty per workweek were manually and artificially reduced by Defendant in an attempt to avoid compliance with the

FLSA" and that "Defendant has a policy or practice of not paying its hourly employees for all overtime hours worked." Dkt. No. 1 at 5; *see generally id.* at 4-6; *see also* Dkt. No. 14 at 6 (live complaint alleging same). As is apparent on the face of the original and live complaints, this case will surely involve a battle of competing narratives, with Plaintiff on one hand alleging that Defendant altered time records and Defendant, on the other hand, asserting it did not. It is on this backdrop that Defendant's sanctions motion accuses Plaintiff of lacking documentary support for his claims and asserts that "to date, Plaintiff has not provided any pay records or time entries that support his allegations." Dkt. No. 7 at 2.

At the initial stage of this case involving allegations of altered records, essentially on the heels of the filing of the complaint, it is inappropriate to demand, as Defendant does, that Plaintiff come forward with documentary evidence to support his allegations or else face sanctions. Such a demand ignores that Plaintiff alleges Defendant improperly altered the records reflecting his time worked. Plaintiff cannot reasonably be expected to have in his possession "pay records or time entries" that show this alleged unlawful alteration. Surely that information, if it is retained in documents, will be reflected in documents that are in Defendant's possession and which are subject to a preservation letter sent from counsel for Plaintiff to defense counsel. Dkt. No. 9-3. Moreover, although Plaintiff may very well need discovery to ultimately prove his case, the mere fact that he needs discovery, including possibly "access to [records in Defendant's possession] to establish the specific facts necessary to ultimately support [his] claim[,] does not signify that [ ] Plaintiff has violated Rule 11." *Crownover*, 2018 WL 6220149 at *12. When Defendant filed this motion, discovery had not even commenced. *See* Dkt. No. 19.

The Court is also not persuaded by Defendant's contentions that the records in its possession show no unpaid overtime, as are Defendant's references to statements from

Defendant's representatives. *See* Dkt. No. 7 at 2-3. Given that one of Defendant's supervisors allegedly admitted to wrongdoing, it seems self-evident that Defendant's employee's statements require testing via cross-examination under oath.

A different sanctions story might be presented at the conclusion of the case. If it ultimately comes to pass that no evidence supports Plaintiff's claims and it is shown through *evidence*, not mere innuendo, that claims were levelled without adequate investigation, then perhaps a sanctions motion might warrant the Court's consideration. But for claims involving allegations of altered records, there is no reason to suspect that Plaintiff's counsel failed his Rule 11 obligations by relying on statements relayed to him by his client instead of trusting Defendant's allegedly altered records. Here, the party far closer to receiving an order imposing sanctions for improvidence is Defendant. Filing a lawsuit alleging altered time records is a serious matter. But so is seeking Rule 11 sanctions based on the implicit assertion that a shakedown is underway. Such a sanctions motion should not be filed cavalierly, *without any convincing basis* to support an irresponsible contention that Plaintiff's counsel's pre-suit investigation was insufficient.

### B. Defendant's Motion to Dismiss Should Be Denied.

There is also no merit to Defendant's Motion to Dismiss, Dkt. No. 8, which seeks to dismiss Plaintiff's claim for unlawful retaliation under the FLSA. As described above, Plaintiff's counsel and Defendant's counsel communicated via emails about the issue of documentation to support Plaintiff's allegations. Dkt. No. 14 at 8; *see also* Dkt. No. 7 at 2. Plaintiff Gonzalez amended his complaint to add the retaliation claim in response to Defendant's counsel's email threatening sanctions. *See* Dkt. No. 4 at 7; Dkt. No. 7 at 3; Dkt. No. 15. The live complaint still includes the retaliation claim. Dkt. No. 14 (live complaint). The Court could moot the motion to

dismiss given the subsequent filing of the second amended complaint. But doing so threatens to (further) waste judicial resources, given that the operative parts of the complaint are largely unchanged between the amended complaint and the live second amended complaint.

In reviewing the motion, the Court must and will "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quotation marks omitted). The Court, however, need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court does not consider any evidence outside the pleadings, except for documents that are attached to or referred to in the live complaint or are central to it. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). Here, the Court will consider the parties' email exchange described in Plaintiff's amended complaint(s). *See* Dkt. Nos. 4 & 14. This exchange is central to Plaintiff's unlawful retaliation claim, and the parties do not dispute that the communications are properly before the Court in this posture. *See* Dkt. Nos. 4, 7, 8, 9, 14 & 15.

Taking the facts alleged in the live complaint as true, *see* Dkt. No. 14, and considering the relevant law, the Court finds that the second amended complaint sufficiently states a plausible claim for unlawful retaliation under the FLSA. Plaintiff's second amended complaint invokes the section of the FLSA that provides a cause of action for retaliation against an employer who discriminates against an employee for exercising his legal rights. 29 U.S.C. §§ 215(a)(3) & 216(b). The elements of a retaliation claim are: "(1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the

activity and the adverse action." *Hagan v. Echostar Satellite, LLC,* 529 F.3d 617, 624 (5th Cir. 2008).

Plaintiff's second amended complaint contains allegations sufficient to state a retaliation claim. Defendant concedes that Plaintiff's filing of a lawsuit alleging unpaid overtime is protected activity under the FLSA, which satisfies the first element. *See* Dkt. No. 8 at 5. As to the second and third elements, Plaintiff alleges that, within days of being served with Plaintiff's unpaid overtime claim, "Defendant's counsel sent Plaintiff's counsel a letter threatening that if this suit was not dismissed immediately, sanctions would be sought against both Plaintiff and his counsel." Dkt. No. 14 at 7.  Plaintiff refers to the email exchange between counsel for both parties and quotes a draft Rule 11 motion that was allegedly attached to Defendant's counsel's email to Plaintiff's counsel:

> Counsel for Defendant contacted counsel for Plaintiff and requested information on the dates and times Plaintiff claims involved. Plaintiff's counsel's response was that he needed more time to calculate damages by reviewing the time entries, and that the allegations are based on what the Plaintiff communicates to him. Defendant is in possession of Plaintiff's pay records, and they show the exact amounts of overtime work completed by Defendant, and the corresponding pay to Plaintiff for those overtime hours. Further, Plaintiff's supervisor explicitly denies the independent conversation with Plaintiff regarding reducing time entries or that reductions occurred. Clearly, Plaintiff and his counsel have no evidentiary support for the claims asserted.

Dkt. No. 14 at 7. Modified versions of these alleged statements by Defendant's counsel also appear in Defendant's Motion for Sanctions. *See* Dkt. No. 7 at 2-3. Plaintiff's live complaint further alleges, "the threats preceding the Motion [for Sanctions] and the filing of [that] Motion were made for an improper purpose—to punish Plaintiff for bringing this FLSA case, and to chill future participation in this matter by those considering opting in." Dkt. No. 14 at 8. The live complaint also alleges that "Defendant is now seeking sanctions against Gonzalez and his counsel simply because Gonzalez seeks to claim his labor rights under federal law." *Id*. Without

necessarily crediting Plaintiff's conclusions imbedded in these statements but nonetheless taking Plaintiff's factual allegations as true, Plaintiff has sufficiently stated facts to support the second element of unlawful retaliation, an adverse action—Defendant's alleged threats to seek sanctions if Plaintiff did not dismiss his lawsuit. *See Lindsley v. TRT Holdings, Inc.*, 984 F.3d 460, 470 (5th Cir. 2021) (noting that an "[a]dverse employment action is a materially adverse action that might have dissuaded a reasonable worker from making or supporting a charge"); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006). Plaintiff's allegations also support the third element of unlawful retaliation, a causal link. Plaintiff alleges a plausible timeline of events involving an email exchange as well as close temporal proximity between the filing of an FLSA claim and the adverse action, which is to say Plaintiff has alleged facts supporting that it is *because* Plaintiff seeks to "claim his labor rights under federal law" that Defendant sought sanctions against Plaintiff and his counsel. Dkt. No. 14 at 8.

There is no merit to Defendant's argument that Plaintiff Gonzalez's retaliation claim fails because he is no longer employed by Defendant. *See* Dkt. No. 8 at 5. The Fifth Circuit has recognized that the FLSA's anti-retaliation provisions apply to former employees. *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 302, 306 (5th Cir. 1972); *see also E.E.O.C. v. J.M. Huber Corp.,* 927 F.2d 1322, 1331, n. 41 (5th Cir. 1991); *Girling v. JHW Servs., LLC,* No. 5:21-CV-532-JKP-ESC, 2022 WL 80279 at *3 (W.D. Tex. Jan. 7, 2022). As a former employee of Defendant, Plaintiff Gonzalez may raise an unlawful retaliation claim under the FLSA.

Defendant's argument that there is no causal link between Plaintiff Gonzalez's protected activity (filing a lawsuit) and the adverse action by Defendant (threat to file sanctions motion and subsequent filing of such motion) also fails at this stage, as one might surmise from the previous

discussion. Causation is typically a question of fact. *See Starnes v. Wallace,* 849 F.3d 627, 634-635 (5th Cir. 2017) (reviewing a summary-judgment grant and discussing whether the evidence and facts satisfied the causation element of a FLSA unlawful retaliation claim). As mentioned, the complaint alleges facts capable of supporting a causal connection between Plaintiff's protected exercise of his FLSA rights and Defendant's threatened filing of a sanction motion. It is of no moment that Defendant characterizes its emails as something other than retaliation; what is relevant for purposes of the motion to dismiss are the well-pleaded allegations in the complaint. Defendant has failed to carry its burden of demonstrating that Plaintiff Gonzalez has failed, as a matter of law, to plead sufficient facts to support a plausible claim upon which relief may be granted. *See Martin,* 369 F.3d at 467.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that Defendant's Motion for Sanctions and Motion to Dismiss, Dkt. Nos. 7 & 8, be **DENIED.**

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing

objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 13th day of March, 2024.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE